Matter of Mates (2021 NY Slip Op 04551)





Matter of Mates


2021 NY Slip Op 04551


Decided on July 28, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.


2020-09239

[*1]In the Matter of Donald Arthur Mates, Jr., an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Donald Arthur Mates, Jr., respondent. (Attorney Registration No. 2231132)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 14, 1988.



Catherine A. Sheridan, Hauppauge, NY (Nancy B. Gabriel of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On December 1, 2020, the Grievance Committee for the Tenth Judicial District personally served the respondent with a notice of petition and verified petition, both dated November 13, 2020, and thereafter, duly filed those papers with this Court together with an affidavit of service. The verified petition contains five charges of professional misconduct, which allege, inter alia, that the respondent misappropriated funds entrusted to him as a fiduciary incident to his practice of law, commingled funds entrusted to him as a fiduciary incident to his practice of law with his own funds, failed to maintain required bank and bookkeeping records from his attorney trust account, and, based on all of the foregoing, engaged in conduct that adversely reflects on his fitness as a lawyer. The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed, nor requested additional time in which to do so.
The Grievance Committee moves to deem the charges against the respondent established based upon his default, and to impose such discipline upon him as this Court deems appropriate. Although the motion papers were served by the Grievance Committee upon the respondent on January 5, 2021, by mail, he has neither opposed the instant motion nor interposed any other response thereto.
Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition dated November 13, 2020, are deemed established, and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
MASTRO, J.P., RIVERA, DILLON, CHAMBERS and WOOTEN, JJ., concur.
ORDERED that the Grievance Committee's motion to deem the charges in the verified petition dated November 13, 2020, established based upon the default of the respondent, Donald Arthur Mates, Jr., is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the [*2]respondent, Donald Arthur Mates, Jr., is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Donald Arthur Mates, Jr., shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Donald Arthur Mates, Jr., is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Donald Arthur Mates, Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court